Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| FEDERICO A. CARDONA FIRPI<br><br>Recurrido<br><br>v.<br><br>IVÁN CORREA MUÑIZ<br><br>Peticionario | KLCE202500657 | *CERTIOARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: GB2023CV01190 (402)<br><br>Sobre: Cobro de Dinero por la Vía Ordinaria |
|---|---|---|

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece ante este tribunal apelativo, el Sr. Iván Correa Muñiz (señor Correa Muñiz o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos la revocación de la *Orden* emitida por el por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 7 de abril de 2025, notificada el mismo día. Mediante dicho dictamen, el foro primario ordenó, de manera limitada, la producción de copias sobre las mociones y las minutas de varios casos en las que el peticionario participó en calidad de abogado.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado.

### I.

El 27 de diciembre de 2023, el Sr. Federico Cardona Firpi (señor Cardona Firpi o recurrido) instó una *Demanda* en cobro de dinero por la vía ordinaria en contra del peticionario. En dicha reclamación arguyó que contrató verbalmente con el señor Correa

Muñiz para que este último le proveyera servicios de representación legal. Añadió que, como parte del acuerdo entre las partes, se obligó a la compra de un vehículo de motor a nombre de la Sra. Julianna M. Santoni Pérez, esposa del peticionario, valorado en $89,528.50. Indicó, además, que el señor Correa Muñiz renunció varios meses después de efectuada la compra, y luego de haber prestado sus servicios en varios casos en la Sala de Familia. De este modo, el señor Cardona Firpi cuestionó no haber recibido factura por los servicios ofrecidos, ni información sobre la totalidad de las gestiones ejecutadas por el peticionario durante el tiempo en que brindó los mismos. A su vez, arguyó que desconoce los detalles sobre los servicios legales provistos que ameritaran la cuantía devengada, ni sobre descuento por los servicios que dejó de recibir. Por lo tanto, solicitó al TPI que le ordene al señor Correa Muñiz el pago de $89,528.50, más intereses y costas adicionales a $22,000 por honorarios de abogado y $20,000 por temeridad.

Luego de varios trámites procesales, que no son necesarios pormenorizar,[1] el 4 de abril de 2025, el señor Correa Muñiz presentó un escrito intitulado *Solicitud de Orden.* En esencia, expuso que representó al recurrido en varios casos de naturaleza civil y penal. Agregó que, a raíz de su renuncia como representante legal, le hizo entrega de su expediente completo al señor Cardona Firpi. Mencionó, además, que entre esos procesos judiciales en los que le representó se encuentran los casos *Matosantos Louis v. Cardona Firpi,* BY2020RF01826, y *Cardona Firpi v. Gutiérrez Ríos*, D DI2014-0637, que son de derecho de familia que se observan bajo rigores de confidencialidad. No obstante, arguyó que los expedientes de los mencionados casos son parte necesaria de la prueba documental

---

[1] Debemos destacar que, como parte de los mencionados trámites procesales, se incluye la contestación a la demanda, que omitimos detallarla en el escrito por no relacionarse directamente a la *Orden* recurrida.

para demostrar que los servicios prestados justificaban la cuantía del pago recibido por concepto de honorarios. Ello, tras entender que de los expedientes surge información sobre: "[1] Naturaleza y extensión de los servicios prestados; [2] Naturaleza y frecuencia de los señalamientos habidos; [3] Extensión y enjundia de los escritos unidos al expediente y; [4] Complejidad y carácter litigioso del trámite".[2] De manera que le solicitó al TPI que ordenara a la secretaría del tribunal la producción de copia fiel y exacta de los expedientes previamente mencionados.

El 7 de abril de 2025, notificado el mismo día, el TPI emitió la *Orden* recurrida en la que solo autorizó la producción de las mociones presentadas por el peticionario y las minutas en las que este participó en calidad de abogado. Ello, por entender que los restantes documentos solicitados, de los antedichos expedientes, no será descubrible al ser los casos de familia confidenciales.

Inconforme, el 16 de abril de 2025, el peticionario sometió un escrito intitulado *Moción de Reconsideración de Orden del 7 de abril de 2025.* Fundamentó su solicitud en que, la información solicitada, es relevante al pleito en cuestión y, además, era necesaria para la defensa del señor Correa Muñiz. Ello, tras entender que el caso de epígrafe trata de una causa para que se determine el valor justo de los servicios provistos. Es decir, una controversia de *quantum meruit* en la que debe establecerse el tiempo y trabajo requerido, la novedad y dificultad; así como la habilidad que se requiere para conducir propiamente el caso y los honorarios que se acostumbran a cobrar por los mismos servicios en el distrito judicial. Por lo que, adujo que era necesario la totalidad de los expedientes para analizar las demás mociones y escritos presentados por otras partes que el señor Correa Muñiz tuvo que examinar en el desempeño de sus labores.

---

[2] Véase, el Apéndice del Recurso, a las págs. 61-63.

El 16 de mayo de 2025, el TPI emitió una *Resolución Interlocutoria* declarando *No Ha Lugar* a la referida moción de reconsideración.

En desacuerdo con el dictamen, el peticionario acude ante este foro apelativo mediante el recurso de *certiorari* de epígrafe imputándole al TPI haber incurrido en el siguiente error:

> LA REGLA 23.1 DE PROCEDIMIENTO CIVIL PRECEPTÚA QUE EL DESCUBRIMIENTO DE PRUEBA DEBE SER LO MÁS AMPLIO Y LIBERAL POSIBLE. EN LA DEMANDA DE EPIGRAFE, CARDONA FIRPI CUESTIONA LA CUANTÍA DE HONORARIOS DE ABOGADO PAGADOS A CORREA MUÑIZ—LO CUAL INDEFECTIBLEMENTE INCLUYE LOS TRABAJOS EFECTUADOS EN LOS CASOS DE MATOSANTOS LEWIS Y GUTIÉRREZ RÍOS. PERO LA ORDEN RECURRIDA EXCLUYÓ LA PRODUCCIÓN DE DICTÁMENES JUDICIALES Y ESCRITOS PRESENTADOS POR LOS OTROS LITIGANTES QUE CORREA MUÑIZ ORIGINALMENTE RECIBIÓ, ANALIZÓ E INVESTIGÓ MIENTRAS FUE ABOGADO DE RÉCORD DE CARDONA FIRPI EN AMBOS CASOS. SIENDO PERTINENTES E INDISPENSABLES A SU DEFENSA EN ESTE PLEITO DE QUANTUM MERUIT Y COBRO DE DINERO, EL TRIBUNAL DE PRIMERA INSTANCIA INCURRIÓ EN ERROR MANIFIESTO AL EXCLUIR ESTA PRUEBA DE LA ORDEN RECURRIDA.

Evaluado el escrito y, conforme a la decisión arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 7(B)(5).

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* **Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones**

**dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*.** La referida norma dispone como sigue:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o **en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos expedir un auto de *certiorari* hay que determinar, primeramente, si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Por último, destacamos que, el ejercicio de las facultades de los tribunales de primera instancia, merecen nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico,* 152 DPR 140, 154 (2000).

**III.**

En esencia, el peticionario planteó que el TPI erró al determinar ordenar parte de la producción de copias de los expedientes peticionados, por entender que el restante de los documentos está cobijado por la confidencialidad que gobierna los casos de familia.

En apretada síntesis, este entiende necesaria la intervención de esta *Curia* para evitar un fracaso irremediable de la justicia. Asimismo, arguye que la producción de la información solicitada es indispensable para su defensa y lograr probar el justo valor de los servicios prestados.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado, primeramente, al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente. Ello es así, ya que ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia.

Al respecto, enfatizamos que la controversia ante nuestra consideración versa sobre asuntos relativos al descubrimiento de

prueba, que no ha finalizado, y a su vez, se nos solicita que intervengamos en el manejo del caso. Por su parte, no se ha demostrado que se hayan agotado otros esfuerzos razonables para obtener la información de los expedientes y que carecen de mecanismos adicionales para conseguir la misma.

Recordemos que el TPI tiene entera discreción para establecer las reglas que entienda necesarias para llevar a cabo el descubrimiento de prueba. En ese ejercicio, puede limitar el alcance y los mecanismos de descubrimiento de prueba que habrán de utilizarse, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica.

En fin, el dictamen recurrido no está comprendido dentro del marco de decisiones interlocutorias revisables, al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra*, por lo cual lo denegamos sin trámite ulterior para que continúen los procedimientos del caso, sin mayor dilación.

**IV.**

Por los fundamentos antes expuestos, denegamos el recurso de *certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones